[No. 9305. Department One. April 10, 1911.]

THE STATE OF WASHINGTON, *Respondent,* v. MATILDA GREINER, *Appellant.*[1]

PHYSICIANS AND SURGEONS—PRACTICING WITHOUT LICENSE—OFFENSES—COMPLAINT—SUFFICIENCY. A complaint for practicing medicine without a license is sufficient where the acts constituting the offense are set forth in ordinary concise language without repetition in such manner as to enable a person of common understanding to know what was intended.

CRIMINAL LAW—TRIAL—RECEPTION OF EVIDENCE. In a prosecution for practicing medicine without a license, it is not error that, on cross-examination of the prosecutrix, who was asked if the defendant took her temperature, the court refused to strike out the answer, "No she used a vibrator on me;" especially where the defendant later testified to having used a vibrator.

CRIMINAL LAW—INSTRUCTIONS—LEGAL EFFECT OF CHARGE. In instructions defining the charge of practicing medicine without a license, it is not error to state the legal effect of the complaint, rather than follow its language.

PHYSICIANS AND SURGEONS—PRACTICING MEDICINE—TREATMENT—EVIDENCE—SUFFICIENCY. Under the statute prohibiting any mode of treating the sick without first obtaining a license, a conviction is sustained where it appears that the defendant diagnosed the patient's ailments with the aid of a vibrator, used manual manipulations, prescribed a dietary, gave advice, and collected a fee.

STATUTES—TITLE AND SUBJECTS. An act prohibiting the practice of medicine without first obtaining a license, is not objectionable as

[1]Reported in 114 Pac. 897.

embracing more than one subject from the fact that it contains provisions affecting a variety of practitioners having different systems and methods of treatment.

CONSTITUTIONAL LAW—CIVIL RIGHTS—PRACTICE OF MEDICINE—REGULATION. An act prohibiting the practice of medicine without first obtaining a license is within the acknowledged powers of the state.

Appeal from a judgment of the superior court for King county, Yakey, J., entered July 5, 1910, upon a trial and conviction of practicing medicine without a license. Affirmed.

*O. L. Willett* and *Morris & Hartwell,* for appellant, contended, among other things, that aside from any limitations of our constitution, if the practice of the science of chiropractic could not be detrimental, it is not subject to regulation. *Nelson v. State Board of Health,* 22 Ky. Law 438, 57 S. W. 501, 50 L. R. A. 383; *County of Los Angeles v. Hollywood Cemetery Ass'n,* 124 Cal. 344, 57 Pac. 153, 71 Am. St. 75; *State ex rel. Richey v. Smith,* 42 Wash. 237, 84 Pac. 851, 114 Am. St. 114, 5 L. R. A. (N. S.) 674; *In re Aubrey,* 36 Wash. 308, 78 Pac. 900, 104 Am. St. 952; *State v. Scougal,* 3 S. D. 55, 51 N. W. 858, 44 Am. St. 756, 15 L. R. A. 477; *Chicago v. Netcher,* 183 Ill. 104, 55 N. E. 707, 75 Am. St. 93, 48 L. R. A. 261. The statute must have some relation to the legitimate ends of the police power, be appropriate for the results desired, and not unnecessarily harsh. *Ruhstrat v. People,* 185 Ill. 133, 57 N. E. 41, 76 Am. St. 30, 49 L. R. A. 181; *State v. Biggs,* 133 N. C. 729, 46 S. E. 401, 98 Am. St. 731, 64 L. R. A. 139; *Ex parte Whitwell,* 98 Cal. 73, 32 Pac. 870, 35 Am. St. 152, 19 L. R. A. 727; *Lawton v. Steele,* 152 U. S. 133; *State v. Carey,* 4 Wash. 424, 30 Pac. 729. A legislature has no power, under the guise of police regulations, to arbitrarily invade the personal rights and personal liberty of the individual citizen. *Dobbins v. Los Angeles,* 195 U. S. 223; *California Reduction Works v. Sanitary Reduction Works,* 126 Fed. 29; *State v. Vandersluis,* 42 Minn. 129, 43 N. W. 789,

6 L. R. A. 119; *First Nat. Bank v. Sarlls*, 129 Ind. 201, 28 N. E. 434, 28 Am. St. 185, 13 L. R. A. 481; *Iler v. Ross*, 64 Neb. 710, 90 N. W. 869, 97 Am. St. 676, 57 L. R. A. 895; *Bessette v. People*, 193 Ill. 334, 62 N. E. 215, 56 L. R. A. 558; *Millett v. People*, 117 Ill. 294, 7 N. E. 631, 57 Am. Rep. 869; *Eden v. People*, 161 Ill. 296, 43 N. E. 1108, 52 Am. St. 365, 32 L. R. A. 659; *Ex parte Jentzsch*, 112 Cal. 468, 44 Pac. 803, 32 L. R. A. 664. At common law the healing sciences were open to all without restriction. *Denton v. State*, 21 Neb. 445, 32 N. W. 222; *State v. Morrill*, 7 Ohio Dec. 52. The arbitrary classification in question is void as a denial of the equal protection of the law. *Yick Wo v. Hopkins*, 118 U. S. 356; *State v. Jackman*, 69 N. H. 318, 41 Atl. 347, 42 L. R. A. 438. The qualifications that can be required of any person to follow any profession lawful at common law, must relate to the person's fitness to practice that particular profession only. *Cummings v. Missouri*, 71 U. S. 277; *In re Day*, 181 Ill. 73, 54 N. E. 646, 50 L. R. A. 519; *State v. McKnight*, 131 N. C. 717, 42 S. E. 580, 59 L. R. A. 187; *State v. Mylod*, 20 R. I. 632, 40 Atl. 753, 41 L. R. A. 428; *State v. Gravett*, 65 Ohio St. 289, 62 N. E. 325, 87 Am. St. 605, 55 L. R. A. 791; *Bennett v. Ware*, 4 Ga. App. 293, 61 S. E. 546; *Hayden v. State*, 81 Miss. 291, 33 South. 653, 95 Am. St. 471; *People ex rel. Nechamcus v. Warden of City Prison*, 144 N. Y. 529, 39 N. E. 686, 27 L. R. A. 718; *State v. Brown*, 37 Wash. 97, 79 Pac. 635, 107 Am. St. 798, 68 L. R. A. 889. The title of the act does not embrace the practice of chiropractic; the only healing sciences specifically referred to are medicine, surgery and osteopathy. The rule of *ejusdem generis* is applicable. *State v. Herring*, 70 N. J. L. 34, 56 Atl. 670; *State v. Dinnisse*, 109 Mo. 434, 19 S. W. 92; *State v. National School of Osteopathy*, 76 Mo. App. 439. The rule of *ejusdem generis* is most strongly and appropriately applied in construing penal laws, and the courts are adverse to holding guilty those whose acts are not within the concluding general words. *Shirk v.*

*People,* 121 Ill. 61, 11 N. E. 888; *State v. Black,* 75 Wis.
490, 44 N. W. 635; *People v. Richards,* 108 N. Y. 137, 15
N. E. 371, 2 Am. St. 373; *State v. Sumner,* 10 Vt. 587, 33
Am. Dec. 219; *McDade v. People,* 29 Mich. 49; *Nichols v.
Poulson,* 6 Ohio 305.

*George F. Vanderveer* and *A. H. Lundin,* for respondent.

FULLERTON, J.—The code (Rem. & Bal. Code, § 8400)
makes it a misdemeanor for any person to practice, or at-
tempt to practice, or hold himself out as practicing, medi-
cine and surgery, osteopathy, or any other system or mode
of treating the sick or afflicted in the state of Washington,
without having, at the time of so doing, a valid, unrevoked
certificate from the board of medical examiners of the state
entitling him so to do. On March 26, 1910, one Teresa
Smith caused a complaint to be filed before a justice of the
peace in King county accusing the appellant, under the
name of Jane Doe Greiner, of practicing a mode of treat-
ment of the sick and afflicted, known as chiropractic, with-
out having, at the time of so doing, a valid, unrevoked cer-
tificate to practice such mode of treatment from the proper
authorities. She was arrested on a warrant issued on the
complaint, and thereafter tried for the offense set forth
therein, and convicted. From the judgment of conviction,
she appealed to the superior court of King county, where
she was again tried and convicted. This appeal is from the
judgment pronounced on the last mentioned conviction.

The appellant first complains of the complaint on which
she was tried, arguing that it does not state facts sufficient
to constitute a crime. But without entering into a partic-
ular analysis of its allegations, we think it sufficient. While
it is not recommended as a model, it charges, in effect, that
the appellant, at a time and place certain, did wilfully and
unlawfully practice a mode of treatment of the sick known
as chiropractic, without having a license therefor from the
proper authorities, in that she did then and there prescribe,

direct, and recommend certain treatment for the cure and relief of certain bodily infirmities and diseases of the complaining witness. It is not necessary that the acts constituting the offense be set forth in the complaint with the technical precision required at common law. To use the language of the code, the complaint is sufficient if the acts constituting the offense be set forth therein in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended. The complaint was thus definite.

On the examination of the complaining witness in chief, she gave a somewhat minute description of the treatment given her when at the office of the appellant, but made no mention of the use upon her of a mechanical instrument of any kind. On cross-examination to the question, "Did she take your temperature?" she answered, "No, she used a vibrator on me." The appellant moved to strike the latter part of the answer, and assigns error on the refusal of the court to grant the motion. This was not error. The answer recited a fact material to the inquiry, and it was proper to let the jury consider it, even though it appeared as a volunteered statement on cross-examination. But if the ruling were error, it was rendered harmless by the subsequent action of the appellant. She took the stand herself and testified to the use of a vibrator on the prosecuting witness.

The objection that the court erred in giving and refusing to give certain instructions is without merit. All that was proper or material in the instructions proposed were included in the court's charge, and while the court, in defining the charge against the appellant to the jury, stated the legal effect of the complaint instead of following its somewhat confused language, no error was committed thereby. It is the court's province and duty to make the case in hand clear to the jury, and the parties to the action have no right to complain because the language used in so doing is the court's language rather than that of the party requesting them.

It is contended that the evidence was insufficient to justify a conviction. The statute, it will be noticed, makes it an offense to practice any mode of "treating" the sick and afflicted, and the appellant testified that instead of using treatments for the ailments of the prosecuting witness, she used "adjustments," and hence is not guilty of any violation of the statute. But we think this is a mere play upon words. Her methods were fully described in the record, both by the prosecuting witness and by herself, and to our minds they fall as well within the definition of "treatment" as they do of "adjustment." She had the patient remove her street clothing, and put on a kimono; she diagnosed the patient's ailments with the aid of a vibrator; she manually manipulated the supposedly diseased parts; she prescribed a dietary for the patient; she collected a fee; and advised the patient to return for further manipulation. This, as far as our observation extends, does not differ materially from the methods of unlicensed practitioners generally who confessedly give treatments for the sick and afflicted.

It is finally objected that the act under which the appellant is prosecuted is unconstitutional. It is objected, first, that it embraces more than one subject, and second, that the science practiced by the appellant is not a subject for regulation by the legislature. Neither of these objections are well founded. The purpose of the act is to regulate the mode of treating the sick and afflicted, and the fact that it may contain provisions affecting a variety of practitioners, having different systems and methods of treating the sick, does not render it subject to the objection that it contains more than one subject. The science, if it be such, practiced by the appellant is clearly a mode of treating the sick and afflicted. As such it is, by all authority, subject to regulation. To call the method of treatment "chiropractic" and the treatments given "adjustments" does not change its nature. If the practice has any beneficial purpose at all its purpose is to heal the sick and afflicted, and to regulate the

practice of healing the sick and afflicted is unquestionably within the acknowledged powers of the state.

The judgment is affirmed.

DUNBAR, C. J., GOSE, and MOUNT, JJ., concur.