[No. 11776.   Department Two.   June 20, 1914.]

The State of Washington, *Respondent*, v. T. F. Pratt, *Appellant*.[1]

Physicians and Surgeons—Practicing Medicine—Regulation—Statutes—Validity—Equal Protection of the Laws. Rem. & Bal. Code, § 8400, requiring a state license for the practice of medicine and surgery, osteopathy, "or any other system or mode of treating the sick," includes, and warrants a conviction for, the treatment of the sick by the laying on of hands, with suggestions from the mind of the operator to the mind of the patient; hence does not deny the equal protection of the laws in failing to specifically mention such system, along with "medicine," "surgery," and "osteopathy."

Same—Practicing Medicine—Regulation—Statutes—Construction. Rem. & Bal. Code, § 8405, providing that nothing in the chapter relating to licenses for practicing medicine and other modes of treating the sick shall apply to or regulate any kind of treatment by prayer, does not exclude from the operation of the chapter the practice of suggestive therapeutics, a system of treating the sick by the laying on of hands with suggestions from the mind of the operator to the mind of the patient; since the same is not any kind of treatment by prayer.

Appeal from a judgment of the superior court for King county, Smith, J., entered October 4, 1913, upon a trial and conviction of practicing treatment of the sick without obtaining a certificate from the state medical board.   Affirmed.

*Longfellow & Fitzpatrick* and *Harve H. Phipps*, for appellant.

*John F. Murphy* and *Louis T. Silvain*, for respondent.

Morris, J.—Appellant was convicted of practicing a mode of treating the sick known as suggestive therapeutics, without having a certificate from the state medical board.   The appellant's brief is devoted to an argument seeking to establish the unconstitutionality of the law under which the complaint was made and conviction had, especially attacking

[1]Reported in 141 Pac. 318.

that provision of Rem. & Bal. Code, § 8400 (P. C. 333 § 27), included in the words, "or any other system or mode of treating the sick or afflicted." The whole section, so far as pertinent, is as follows:

"Any person who shall practice or attempt to practice, or hold himself out as practicing medicine and surgery, osteopathy, or any other system or mode of treating the sick or afflicted in this state, without having, at the time of so doing, a valid, unrevoked certificate as provided in this chapter, shall be guilty of a misdemeanor, . . ."

The argument is that such provision denies to those persons engaged in the practice of any system or mode of treatment not embraced within the terms "medicine," "surgery," and "osteopathy," as mentioned in this section, the equal protection of the law, in establishing an arbitrary classification and denying to those within such classification the right to engage in a lawful occupation. Counsel's argument in support of his contention is interesting, and we have read it with much care. It is the same argument made by the defendant in *State v. Greiner*, 63 Wash. 46, 114 Pac. 897, in contending that one who followed the method of treatment of the sick known as chiropractic, was not within the prohibition of the law, and the method itself not subject to legislative control. We there said none of the objections then raised were well founded. Upon the same reasoning, we express the same opinion as to the objections now raised by appellant, and content ourselves with citing the *Greiner* case.

Counsel for appellant seems to find some distinction between this case and that one, in his contention that the law does not include suggestive therapeutics. One of the objections in the *Greiner* case was that the chiropractic treatment of the sick was not embraced within the act and that, under the rule of *ejusdem generis*, chiropractic treatment was not prohibited, nor was it within the power of the legislature to regulate such practice. So that we find nothing

new and no reason for extending our discussion beyond what is said in the *Greiner* case.

The sufficiency of the evidence is also challenged. It would be of no value to quote it. No doubt suggests itself to our mind but that the facts are sufficient to sustain the conviction.

It is also suggested that § 8400 must be construed with § 8405, reading in part:

"Nor shall this chapter be construed to discriminate against any particular school of medicine or surgery or osteopathy or any system or mode of treating the sick or afflicted, or to interfere in any way with the practice of religion: Provided, That nothing herein shall be held to apply to or to regulate any kind of treatment by prayer."

Suggestive therapeutics, as shown by the record before us, is not the practice of any religious belief, nor it is "any kind of treatment by prayer." As practiced by the appellant, it consists of a laying on of hands upon that part of the body where the trouble is and, quoting from appellant's testimony, "upon certain parts of the spine that controls this— these nerves, or the nerves that control the organ; and I give certain suggestions which goes from my mind to the mind of the patient, and the mind of the patient controls his own body. That is the way the cure is performed." The claim is also made that, by this laying on of hands, certain "vibrations" are sent through the body, that are instrumental in effecting the cure. That the mind exercises a powerful and ofttimes controlling influence upon the body cannot be denied, and we are offering no criticism upon appellant's methods. We are only concerned with the fact that it is a mode of treating the sick, and as such can be practiced only after obtaining the proper certificate from the state medical board.

The judgment is affirmed.

CROW, C. J., MOUNT, and FULLERTON, JJ., concur.