[No. 13272.  Department One.  July 11, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v. T. F. PRATT, *Appellant*.[1]

PHYSICIANS AND SURGEONS—PRACTICING WITHOUT A LICENSE—STATUTES—EVIDENCE—SUFFICIENCY. One who treats the sick by a method called "Suggestive Therapeutics," consisting of the laying on of hands and giving mental suggestions, cannot escape conviction for practicing without a license, under Rem. & Bal. Code, §§ 8400 to 8405, by the fact that, before treatment, he assured the patient that the treatment was by prayer only, as that is a mere subterfuge to bring the case within the proviso to the statute.

Appeal from a judgment of the superior court for King county, Ralston, J., entered October 8, 1915, upon a trial and conviction of practicing medicine without a license.  Affirmed.

*E. P. Edsen* and *Hammond & Hammond*, for appellant.

*Alfred H. Lundin, Frank P. Helsell*, and *Joseph A. Barto*, for respondent.

CHADWICK, J.—Appellant was convicted in the superior court of the crime of practicing medicine without a license.

[1]Reported in 158 Pac. 981.

The controlling statutes are Rem. & Bal. Code, §§ 8400-8405.  Appellant maintains a place known as the "Progressive Healing Institute," and had heretofore treated the sick and afflicted by a system or method which he called "Suggestive Therapeutics."  His method of treatment is described in the case of *State v. Pratt*, 80 Wash. 96, 141 Pac. 318, as a laying on of the hands upon that part "of the body where the trouble is  .  .  .  upon certain parts of the spine that controls this—these nerves, or the nerves that control the organ," and by the giving of certain suggestions which go from the mind of the operator to the mind of the patient, so that the mind of the patient will control his body and a cure be thus effected.

It is further shown by the evidence in this case that the complaining witness went to the office of the appellant seeking or pretending to seek treatment for one Augerson, who accompanied him, and who declared to appellant that he was suffering from a private disease.  Appellant made a physical examination and diagnosis confirming the opinion, or pretended opinion, of Augerson, and thereupon, after assurance that he treated by prayer only, treated his patient by the same physical methods and in the same manner as described in the former case.

Appellant contends that his treatment falls within the proviso of the statute; that he treats diseases, and did so in this case, only by prayer.  Appellant further contends that he makes no charges, and testified as follows:

"People who come in here, the majority, are used to paying a dollar a treatment or some pay five dollars for six treatments and then we don't get any more from them for a week."

After the treatment had been concluded, appellant gave the patient some advice as to diet.

While we are not disposed to define either a form of prayer or an essential posture for those who invoke it [vide, "The Prayer of Cyrus Brown" by Sam Walter Foss], and while prayer, accompanied by the laying on of the hands finds

ample warrant and justification in the "Holy Writings," we cannot escape the conclusion that appellant has done no more than make a superficial adjustment of his practice so as to avoid the effect of the former adjudication against his methods.    He attempts to distinguish the cases, but they are essentially the same.    It might be contended, with reason, that this is a stronger case against him, for the testimony of the witness who was treated is that, after the warmth of the hands of appellant had become noticeable, they were moved to another place upon his body, thus indicating that appellant's faith was not entirely without questioning, or above the aid of physical manipulation, which is sometimes quite as efficient in promoting circulation and health as are the prayers of the faithful.

The only distinction we can see between this case and the other one is that appellant has renamed his method of suggestion.    Formerly he conveyed his own suggestion of mind through his hand to the mind of the patient, and the patient cured himself, or believed that he was healed.    Now he would, by the employment of the same methods, invoke the will of the Supreme Being as a direct curative force.    There has been no change in appellant's methods, either in form or substance.

The judgment of the lower court is affirmed.

MORRIS, C. J., MOUNT, FULLERTON, and ELLIS, JJ., concur.