[No. 19259.   Department One.   August 29, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. C. OBELLO, *Appellant.*[1]

CRIMINAL LAW (448)—APPEAL—HARMLESS ERROR—EVIDENCE. Error in refusing to suppress evidence obtained upon an illegal search for intoxicating liquors is harmless, where there was uncontradicted evidence by the state and by the defendant himself that he was in the illegal possession of the liquor in question, which was the offense of which he was convicted.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered December 13, 1924, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*C. R. Hadley,* for appellant.

*Arthur McGuire,* for respondent.

PARKER, J.—The prosecuting attorney for Kittitas county filed in the justice court for Roslyn Precinct a complaint charging "that C. Obello, on or about the 8th day of March, 1924, in Kittitas county, State of Washington, then and there being, did then and there, unlawfully have in his possession spirituous intoxicating liquor other than alcohol, with intent to sell the same." The defendant was brought to trial in the justice court, found guilty, and judgment rendered

[1] Reported in 238 Pac. 609.

sentencing him to 60 days' imprisonment in the county jail and to pay a fine of $250. Thereupon he appealed from that judgment to the superior court for that county, where he was again tried, which trial resulted in a verdict of a jury finding him "guilty of possession of intoxicating liquor," upon which verdict there was rendered against him a judgment that he be punished by a fine of $250; the verdict and judgment in the superior court thus convicting him of a lesser offense and subjecting him to a lesser punishment than was the result of his trial in the justice court. From the judgment so rendered in the superior court, the defendant has appealed to this court.

It is contended in behalf of appellant that the superior court erred to his prejudice in refusing to award him a new trial, for which he timely moved. This contention is rested upon the claim of his counsel that the court erroneously admitted in evidence upon the trial several bottles of intoxicating liquor, mostly whiskey, which had been taken from his possession in his home upon a search warrant issued out of the justice court at the time of the filing of the original complaint therein, which search warrant, as it is claimed, did not sufficiently describe the premises to be searched; and that therefore the search of his premises and the seizure of the liquor therein was unlawful and rendered such liquor inadmissible as evidence against him; he having, as we shall assume, timely petitioned the superior court for the suppression of the liquor as evidence against him. In view of our conclusion that any such error was without prejudice to the rights of appellant, we do not find it necessary to enter upon an inquiry as to the lawfulness of the search for and seizure of the liquor in appellant's home.

In the trial in the justice court the liquor so seized was introduced in evidence without any objections be-

ing interposed in appellant's behalf. The town marshal of Roslyn testified in the trial in the superior court that he was present during the trial in the justice court, and further testified as follows:

"Q. Did the defendant testify in his own behalf in that case? A. Yes. Q. What did he say relative to this liquor at that trial? A. Said he bought that liquor in Seattle and paid $7 a bottle for it. Q. Did he say anything about what he got it for, whether he got it for his own use? A. I believe he said he had it for his own use."

A deputy marshal of the town, two deputy sheriffs of the county, and the justice trying the case, all present at the justice court trial, testified upon the trial in the superior court in substance the same as the city marshal's testimony above quoted. This testimony was not contradicted in the slightest degree. The bottles of liquor being identified and introduced in evidence upon the trial in the superior court the state rested; and thereupon appellant testified in his own behalf, in response to questions put to him by his own counsel, as follows:

"Q. This liquor that they have introduced here, was that your liquor? A. Well, yes. Q. Did you ever sell any of it? A. No, never did. Q. Did you ever offer it for sale? A. No, I never buy for sale. Q. What did you have it for? A. I had it for my own use."

In view of this uncontradicted testimony of these witnesses and appellant's own testimony given upon the trial in the superior court, especially the latter, and in view of the fact that appellant was found guilty only of possession and not of possession with intent to sell, we think it becomes quite clear that whatever technical error may have been committed by the trial court in its refusal to suppress the liquor as evidence, and in the admission of it in evidence upon the trial, was wholly

without prejudice to the rights of appellant. Our decisions in *State v. Simmons,* 52 Wash. 132, 100 Pac. 269; *State v. Hanover,* 55 Wash. 403, 104 Pac. 624, 107 Pac. 388; *State v. Quinn,* 56 Wash. 295, 105 Pac. 818; and *State v. Greiner,* 63 Wash. 46, 114 Pac. 897, seem clearly to call for this conclusion. The decision of the supreme court of the United States in *Motes v. United States,* 178 U. S. 458, holds to this view of the law. In that case the claimed erroneously prejudicial testimony admitted was but cumulative in proof of facts testified to by the defendant himself. See 17 C. J. 322, and numerous authorities there cited. We conclude that defendant had a fair trial in the superior court, free from prejudicial error.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and ASKREN, JJ., concur.