[No. 13878.   Department One.   September 14, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES GRAY, *Appellant*.[1]

INTOXICATING LIQUORS—ILLEGAL POSSESSION—BY DRUGGIST — EX-CESS QUANTITIES — STATUTES — INFORMATION.   Under Rem. Code, § 6262-7, designating all the purposes for which druggists may sell and dispose of intoxicating liquors, and § 6262-17, prescribing the manner in which druggists may secure intoxicating liquors "for use for purposes permitted by this law only," a druggist is guilty of un-lawful possession of liquors in excess of the quantity in which they are procurable by others, when they are not kept for sale and dis-position as prescribed in § 6262-7; and an information therefor is sufficient where it negatives possession for any and all lawful pur-poses.

INTOXICATING LIQUORS—DRUGGISTS—ILLEGAL POSSESSION—INSTRUC-TIONS.   In a prosecution of a druggist for possessing intoxicating liquors in excess quantities, an instruction referring to the law touching a permit for the transportation of intoxicating liquors is not error as authorizing a conviction of a distinct offense, where, taken as a whole, its purport was merely to advise the jury that it would be no defense to the charge of unlawful possession that the liquor was in transportation from where it might be lawfully pos-sessed if no permit to transport it was shown.

APPEAL—REVIEW—HARMLESS ERROR.   Error in submitting an issue upon which there was no evidence is harmless where it was plainly more favorable to accused than under the evidence he had a right to ask.

INTOXICATING LIQUORS—DRUGGISTS—ILLEGAL POSSESSION—BURDEN OF PROOF.   Under Rem. Code, § 6262-23, making possession of more than two quarts of intoxicating liquors other than beer *prima facie* evidence of possession for an unlawful purpose, in a prosecution of a druggist thereunder for the possession of excess quantities at a place other than his place of business, the burden of proof is upon the defendant to prove possession of a permit for lawful transporta-tion.

SAME—UNLAWFUL POSSESSION—EVIDENCE—CORPUS DELICTI.   In a prosecution of a druggist under Rem. Code, § 6262-22, for unlawful possession of excess quantities of liquors not kept for lawful pur-poses of sale and disposition in defendant's drug store, the admis-sions of the defendant, along with other circumstances, may be shown to establish the *corpus delicti*.

[1]Reported in 167 Pac. 951.

SAME. In such a prosecution, the *corpus delicti* is sufficiently proven by the admission of the accused, and the undisputed possession of whiskey in a boat intended to be shipped out of the state without a permit.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered July 8, 1916, upon a trial and conviction of violating the state-wide prohibition law. Affirmed.

*John F. Dore, Robert Welch,* and *Beagle & Driftmier,* for appellant.

*A. R. Hilen* and *R. V. Welts,* for respondent.

ELLIS, C. J.—Defendant, a registered druggist and pharmacist, whose place of business was in Seattle, King county, was charged under Rem. Code, § 6262-22, with having in his possession, at Anacortes, Skagit county, intoxicating liquor in excess of the quantity allowed by law. The charging part of the information was as follows:

"That at Anacortes, in said Skagit county, Washington, on or about the 14th day of May, 1916, said defendant then and there being, did wilfully and unlawfully have in his possession more than one-half gallon or two quarts of intoxicating liquor other than beer, to wit: whiskey, the exact amount of said whiskey being to plaintiff unknown; that said defendant, Charles Gray, at said time was a registered pharmacist and druggist, with his place of business at Seattle, King county, Washington, said city of Seattle, King county, Washington, being one hundred miles distant from said Anacortes, Skagit county, Washington, by the ordinary route of travel and transportation, and said intoxicating liquor was not at said time kept and possessed by said defendant for the purpose of being used in connection with the drug business of the said defendant at Seattle, King county, Washington, and said intoxicating liquor was not at said time and place kept and possessed by said defendant for the purpose of sale for medicinal purposes upon the prescription of licensed physicians nor for sacramental purposes upon the orders of clergymen, nor to sick persons in cases of extreme illness where delay might be dangerous nor did the same con-

sist of alcohol to be used for mechanical or chemical purposes, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Washington."

Defendant demurred to the information on the ground that it was insufficient to charge a crime or misdemeanor and contained facts which were a complete defense to the crime sought to be charged. The demurrer was overruled. He was tried and, by a jury, found guilty. Motions for a directed verdict, for new trial and in arrest of judgment were overruled. Defendant was adjudged guilty and sentenced to pay a fine of $200 and serve thirty days in the county jail. He appeals.

Appellant contends, (1) that the information charged no crime; (2) that the instructions were erroneous; and (3) that the state did not prove the *corpus delicti.* We shall consider these in the order stated.

I. It is insisted that the information charged no crime because of the allegation that appellant was a registered druggist and pharmacist, and it is urged that druggists and pharmacists have the right to possess intoxicating liquor in unlimited quantities. Baldly stated, the argument is that a registered druggist or pharmacist cannot be guilty of the unlawful possession of intoxicating liquor though it be admitted his possession is not for the purpose of disposition in any of the ways permitted to druggists and pharmacists, and that, even in such a case, he can only be charged for unlawful sale or disposition or for failure to keep a record of sales under the provision of Rem. Code, § 6262-7. It is further argued that the information was insufficient in that it did not charge any intent to sell or dispose of the liquor in any manner whatsoever. These positions are untenable. A druggist or pharmacist, as such, can only lawfully possess intoxicating liquors in quantities in excess of those permitted to others, for the lawful purpose of disposition permitted to druggists and pharmacists in connection with their business as such. *State v. Martin,* 92 Wash. 366, 159 Pac.

88. Appellant admits that this information negatives a possession for any and all the lawful purposes for which a druggist or pharmacist may dispose of intoxicating liquors. He says:

"It is true that the information sets forth that he did not intend to dispose of the intoxicating liquor in any of the ways permitted druggists to dispose of it by law."

This admission presents a complete refutation of appellant's criticism of the information. Rem. Code, § 6262-7, designates all the purposes for which druggists and pharmacists may sell or dispose of intoxicating liquors, and prescribes the manner in which such sales may be made and the record to be kept. A reading of this section makes it clear that the immunity is granted, not to druggists and pharmacists as favored individuals, but to the business which they conduct as a necessary and lawful business. Rem. Code, § 6262-17, prescribes the manner in which druggists and pharmacists, as such, may secure intoxicating liquor in any quantities desired, but "for use for purposes permitted by this law only. " Obviously this section must be construed in connection with § 6262-7. So construed, the necessary implication arises that intoxicating liquors can lawfully be procured, hence lawfully possessed, by druggists and pharmacists in excess of the quantities in which they are procurable by others only for the purpose of sale or disposition as prescribed in § 6262-7. It follows that, when such liquors are not possessed by druggists or pharmacists for disposition in some of the ways permitted to a druggist or pharmacist in connection with his business as such, he can no longer claim for his possession the immunity of a druggist or pharmacist accorded by the proviso of Rem. Code, § 6262-22. Such possession is not that of a druggist or pharmacist within any sane meaning of the law. His possession then becomes *prima facie* evidence that liquors held in excess of the quantities permitted to others are held and kept for the purpose of unlawful sale or disposition. Such is the clear import of Rem.

Code, § 6262-23, when construed in connection with the other two sections touching the sale and procurement of intoxicating liquor by druggists and pharmacists. Since the information admittedly negatives appellant's possession for any and all pharmaceutic uses, it sufficiently charges an unlawful possession. The first section of the prohibitory law, Rem. Code, § 6262-1, imposes upon the courts a liberal rule of construction as to the entire law. It says:

"This entire act shall be deemed an exercise of the police power of the state, for the protection of the economic welfare, health, peace and morals of the people of the state, and all of its provisions shall be liberally construed for the accomplishment of that purpose."

With this plain mandate before it, no court will single out the words "registered pharmacists," as found in the proviso of § 6262-22, and give to them a literal meaning hostile to the whole spirit and purpose of the law, at variance with every other provision touching druggists and pharmacists, and which would emasculate the whole act as an operative measure by making this proviso a convenient cloak for the "boot-legger" masquerading as an ambulant pharmacist.

II. The court faultlessly instructed the jury as to presumption of innocence. He then instructed that "the defendant in this case is charged with the crime of possessing intoxicating liquors unlawfully," quoted the information, and admonished the jury that the information is a mere accusation and is no evidence of defendant's guilt. Then follows the usual instruction as to the burden of proof and reasonable doubt, and an instruction as follows, quoting Rem. Code, § 6262-22:

"You are instructed that the statute of the state of Washington with reference to the possession of intoxicating liquor reads as follows:

" 'It shall be unlawful for any person to have in his possession more than one-half gallon or two quarts of intoxicating liquor other than beer, or more than twelve quarts or twenty-four pints of beer; Provided, however, that this sec-

tion shall not apply to registered pharmacists or to persons keeping alcohol, to be used for mechanical or chemical purposes only.'

"You are instructed that whiskey is an intoxicating liquor."

No exception was taken to any of the foregoing instructions.

The court then gave the following instruction, quoting a part of Rem. Code, § 6262-17:

"With reference to the possession and transportation by a registered druggist or pharmacist the statute reads as follows:

" 'Any registered druggist or pharmacist actually engaged in business within the state, desiring to transport or ship any intoxicating liquor within this state, shall make and file with the county auditor a statement in writing, under oath, which statement shall contain the name of the said druggist or pharmacist, the name under which he transacts business, or if made by the agent of a corporation or co-partnership, shall state the name of such corporation or co-partnership, and the official position or connection of the person making such statement with said firm or corporation, the location of the place of business of said persons, firm or corporation; that he, they or it is regularly engaged in business as a druggist or pharmacist, at such point; and that it is necessary from time to time to make shipments of intoxicating liquor, and such liquor is not to be sold in violation of the laws of the state, but is obtained for use for purposes permitted by this law only.'

"You will notice that the law makes an exception with respect to registered pharmacists or druggists and permits them to have intoxicating liquor in their possession without any restriction or limitation upon the amount thereof, but you are instructed that such permission is accorded them for the purpose of disposing of the same at their established place of business upon the prescription of a registered physician, upon the order of a clergyman for sacramental purposes, or for the sale of alcohol for mechanical or chemical purposes only and the furnishing of intoxicating liquor to a person in case of severe illness where delay might be dangerous, but that the law does not permit the shipping or trans-

portation of such liquor from the established place of business of such druggist or pharmacist except upon a compliance with the provisions of the law before quoted, and if the jury should believe beyond a reasonable doubt that the defendant did have in his possession at the city of Anacortes, Skagit county, Washington, on the day named in the information a greater amount of whiskey than two quarts, which said whiskey in excess of two quarts had been transported or taken by the said defendant from his established place of business in Seattle, King county, Washington, to the said city of Anacortes, Washington, then he would have the same unlawfully in his possession at the said city of Anacortes, and it would be your duty to find the defendant guilty.

"Upon the question of whether or not the defendant had a permit for the transportation or shipment of such liquor, if you should believe beyond a reasonable doubt that he did so ship and transport such liquor to the said city of Anacortes, you are instructed that the burden of proving such a permit is cast upon the defendant, but if there is any evidence in the case bearing upon the question of procuring by him of such permit which evidence raises in your mind a reasonable doubt upon the question of whether or not such permit was secured, you should resolve such doubt in favor of the defendant and acquit him. If you should have a reasonable doubt upon the question of whether or not he had in his possession at the time and place named in the information more than two quarts of intoxicating liquor other than beer, you should also resolve such doubt in the defendant's favor and acquit him."

Appellant excepted to parts of this instruction, and now urges that it was erroneous in that it authorized the jury to convict him of a crime other than that charged; namely, the crime of unlawfully transporting intoxicating liquor. Read in its entirety and in connection with those preceding it, all that this instruction intended by its reference to the law touching the permit for transportation of intoxicating liquor by druggists and pharmacists was to advise the jury that it would be no defense to a charge of unlawful possession that the liquor was in transportation from the place where it might be lawfully permanently possessed, if no permit to.

transport it were shown.  It is capable of no other meaning. When consecutively read in context by any candid interpreter, it is not capable of the construction that it authorized the jury to find appellant guilty of unlawful transportation as a punishable offense.  It does not even tell the jury that unlawful transportation is a punishable offense.  It merely instructs that possession in unlawful transportation is an *unlawful possession*, but that a permit to transport would show a lawful possession and be a complete defense.  No juror of common sense could have taken it to mean anything else.  Nor can it be said that this instruction was not necessary.  It was addressed to the evidence, which showed that appellant claimed that his possession at Anacortes was a possession for the purpose of transporting the whiskey from his place of business in Seattle for disposition outside of the state.  It is unnecessary for us here to decide whether or not the court was correct in holding that a permit, under such circumstances, would be a lawful defense to a charge of unlawful possession, since, in any event, that view of the law was certainly as favorable to appellant as he could ask with any semblance of reason.  The court did not instruct the jury upon the crime of unlawful transportation nor refer to the statute under which that crime is punishable.  Section 6262-17, a part of which was quoted by the court in this instruction, is not the section defining the crime of unlawful transportation.  It is the section which provides the only method by which a druggist or pharmacist, as such, can obtain a lawful possession of intoxicating liquors, but only for use in his business.  The section defining the crime of unlawful transportation applies not only to common carriers, but to any person who transports intoxicating liquor within this state without a permit.  That section is Rem. Code, § 6262-18.  It is neither quoted nor are any of its provisions referred to in the instructions.

It has been suggested that, inasmuch as there was no evidence that appellant had a permit, it was error to submit

that question to the jury. But even so assuming, it was error without prejudice to appellant and wholly in his favor. The jury having been instructed, in substance, that possession, if under a permit, would be a lawful possession, the submission to the jury of the question whether or not appellant had a permit was plainly more favorable to him than under the evidence he had a right to ask.

Nor did the court commit any error in placing the burden of proving his possession of a permit upon appellant. The statute (Rem. Code, § 6262-23) makes possession itself of more than two quarts of intoxicating liquor other than beer *prima facie* evidence of possession for an unlawful purpose. To hold that the state must, in addition to proving such possession, prove also the absence of a permit would be to nullify this section by denying the rule of evidence which it declares. Of course, it may be speciously argued that to indulge the statutory *prima facie* presumption of unlawful possession from the mere fact of possession is to presume against the universal presumption of innocence. But the presumption of innocence, though universal, is a refragable presumption. It must yield to evidence; else a conviction could never stand in any case. The statutory presumption is an evidential presumption expressly made sufficient in itself *prima facie* to overcome the presumption of innocence; else the statute has no meaning at all.

III.   Finally, it is asserted that the state did not prove the *corpus delicti* by competent evidence.

One Marsh, chief of police of Anacortes, testified in substance, that he arrested and searched appellant on the dock at Anacortes and found three pint bottles of whiskey on his person; that appellant said he had been up town looking for a girl he was going to treat and that he was returning to his boat; that witness visited and searched the boat, Thelma O, which was anchored alongside the dock on which the arrest was made, and found in the boat a number of whiskey barrels, a box or two of bottles "empty like they came from the fac-

tory," and a couple of cases in the hold "filled up, that was
cased up, bottled up." He further testified as follows:

"Q. What did he tell you with respect to his business
Mr. Marsh? A. He said he was a Seattle druggist. Q. Go
ahead and tell the jury his conversation with respect to how
he come to have that booze at Anacortes? A. He said his
place in Seattle had been raided and some of his liquor con-
fiscated and he had this nine or ten barrels out at Ballard
and the attorneys told him he better get that and get it out
of town and he went and hired this Thelma O and was going
to take the liquor to San Francisco and they got out in the
Straits somewhere and two barrels sprung a leak and he told
the captain to go to Anacortes; he knew there was a glass
plant there, and get some bottles and bottle up the two bar-
rels that sprung a leak. He told me that was the reason he
was in Anacortes there."

The sheriff of Skagit county testified to similar admis-
sions, as follows:

"Q. What, if anything, did the defendant tell you with
respect to the liquor in the Thelma O, at Anacortes? A. He
told me it was his liquor, that there was nine or ten barrels of
whiskey; that he was a druggist in Seattle and was over-
stocked with liquor he could not dispose of there. They had
him arrested and that he had engaged a captain of this boat
to take the liquor to San Francisco for the purpose of selling
it there. That he had called in at Everett, also Laconner on
his way to San Francisco, but that after going out into the
Straits, one or two barrels was leaking and they came back
to Anacortes for the purpose of getting some bottles to pre-
serve the whiskey in. Q. What did he tell you with respect
to the bottle goods on board being his property or not? A.
He said it was his, they had filled part of the bottles with it
while laying at Anacortes. Q. In this county? A. In this
county."

. Treating these admissions as a confession, appellant con-
tends that they were not admissible until the *corpus delicti*
had been proven by direct or circumstantial evidence, that is
to say, they were not admissible along with the other circum-
stances to establish the *corpus delicti*. But this court, fol-

lowing very respectable authority, has held just the contrary.

"It is well settled that the confession of a defendant, along with other circumstances in the case, can be shown to establish the *corpus delicti*. *Nicks v. State*, 40 Tex. Cr. 1, 48 S. W. 186; *Atkins v. State*, 44 Tex. Cr. 291, 70 S. W. 744; *People v. Davis*, 19 N. Y. Supp. 781; 1 Wharton, Criminal Law (11th ed.), pp. 458, 459." *State v. Scott*, 86 Wash. 296, 150 Pac. 423, L. R. A. 1916B 844.

"It is a well-settled rule that the *corpus delicti* cannot be predicated alone upon the confession of the defendant. It is equally well settled that the confession of the defendant, along with other circumstances in the case, can be used to establish the *corpus delicti*." *Nicks v. State*, 40 Tex. Cr. 1, 48 S. W. 186, 188.

"Regarding the question of the necessity for evidence corroborating the confession of the accused in order that such confession may establish the *corpus delicti*, the authorities in this country are not harmonious, but the great weight of authority—almost an unknown broken line—is to the effect that the uncorroborated confession of the accused is insufficient to establish the *corpus delicti*, but that, where corroborated, such confession may be admitted in evidence for the purpose of establishing the *corpus delicti* in a charge of felony." 1 Wharton, Criminal Law (11th ed.), pp. 458, 459.

The undisputed evidence as to the whiskey barrels in the boat and as to the bottles, some empty and some filled, strongly, not to say conclusively, corroborated appellant's admissions in every detail. The *corpus delicti* was sufficiently established.

Unless we are ready to assume an attitude of carping criticism and indulge a technicality which would not be sanctioned in any other class of prosecutions, we can find no warrant for a reversal in the record before us.

The judgment is affirmed.

Chadwick, Main, and Webster, JJ., concur.