[No. 14710.   Department Two.   August 7, 1918.]

THE STATE OF WASHINGTON, *Respondent,* v.
SAM BLACKWELL, *Appellant.*[1]

INTOXICATING LIQUORS—OFFENSES—UNLAWFUL POSSESSION — PRESUMPTION—BURDEN OF PROOF—INSTRUCTIONS. In a prosecution for unlawful possession of intoxicating liquors in excess of two quarts other than beer, the jury is properly instructed by quoting the language of the statute as to the offense, and as to the *prima facie* presumptions of guilt from the fact of possession, and that the burden of rebutting the presumption was upon the accused.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered March 2, 1917, upon a trial and conviction of unlawful possession of intoxicating liquors. Affirmed.

*W. C. Donovan* and *Geo. H. Armitage,* for appellant.
*John B. White* and *Harry G. Kinzel,* for respondent.

[1]Reported in 174 Pac. 646.

HOLCOMB, J.—Appellant was charged and convicted of a violation of the prohibition law then in force (Laws 1915, p. 2; Rem. Code, § 6262-1 *et seq.*). The charge was of having unlawfully in his possession, on a day stated, intoxicating liquor in excess of one-half gallon, other than beer, without a permit issued to him by the county auditor.

Seven errors were assigned as grounds for a reversal, the first of which was waived at the time of argument and submission. Four assignments related to instructions given the jury. These instructions related to, (1) the charge stated, the plea of not guilty, the required element of proof, and the definition of the offense; (2) the law in force, which was quoted, that possession of more than two quarts of intoxicating liquor other than beer, with exceptions in favor of certain persons and for certain purposes, was prohibited; (3) the statutory rule that possession of such quantities, without such exceptions, was *prima facie* unlawful; and (4) that such presumption was rebuttable by proof that the accused obtained the liquor (even though in excess of two quarts of intoxicating liquor other than beer) upon permits to him issued by the county auditor, and with the intent to consume the liquor himself or otherwise dispose of it lawfully.

No fault to the prejudice of the appellant is to be found with any of the instructions. In the first, the court correctly set forth the accusation, stated the plea, specified the degree of proof required, and correctly defined the offense under the statute. The second literally quotes the statute forbidding possession of a quantity of intoxicating liquor other than beer, with certain exceptions stated. The third quotes the statutory presumption from the proven possession of such excess and not within such exceptions. The fourth gives the accused the right, with a scope extremely favorable to

him, to rebut the presumption, if any, raised by the evidence. That the burden of rebutting the presumption, if it had arisen, was upon the accused was correct. *State v. Gray,* 98 Wash. 279, 167 Pac. 951.

The sixth and seventh assignments attack the sufficiency of the evidence, the correctness of the verdict of conviction, and the refusal of a new trial. The evidence was conflicting, but there was ample testimony and justifiable inferences from the evidence as a whole to sustain the verdict.

The trial court considered the evidence, exercised his discretion, and denied a new trial. We find no error in the judgment. Affirmed.

MAIN, C. J., MOUNT, CHADWICK, and MACKINTOSH, JJ., concur.