[No. 15656.  Department Two.  April 6, 1920.]

THE STATE OF WASHINGTON, *Respondent*, v.
WILLIAM SPILLMAN, *Appellant*.[1]

INTOXICATING LIQUORS (50)—UNLAWFUL POSSESSION—EVIDENCE—CORPUS DELICTI. In a prosecution for bootlegging, the *corpus delicti* is sufficiently proved by admissions of the accused showing that part of the whiskey seized belonged to him and had been brought by him into the state, thinking he could sell it or give it to his friends.

CRIMINAL LAW (452)—APPEAL—HARMLESS ERROR—INSTRUCTIONS. In a prosecution for bootlegging, an instruction as to the possession of whiskey for the purpose of unlawful sale is harmless where the accused was found guilty of unlawful possession only.

INTOXICATING LIQUORS (30, 50) — UNLAWFUL POSSESSION — PRIMA FACIE EVIDENCE—INSTRUCTIONS. Laws of 1917, p. 61, § 12, providing that, in any prosecution under the act, possession of any intoxicating liquor other than alcohol shall be prima facie evidence that the

[1]Reported in 188 Pac. 915.

liquor was kept for the purpose of unlawful sale, is applicable to a prosecution for bootlegging as well as to prosecution for unlawful possession.

INDICTMENT AND INFORMATION (101)—INTOXICATING LIQUORS (42) —CONVICTION OF LESSER OFFENSE. A charge of bootlegging, defined by Laws of 1917, p. 61, § 11, as the possession of intoxicating liquor for the purpose of unlawful sale, includes the lesser offense of unlawful possession, and in a prosecution for the former, accused may be convicted of the latter.

INTOXICATING LIQUORS (30, 51)—UNLAWFUL POSSESSION—INSTRUCTIONS. In a prosecution for bootlegging it is proper to instruct the jury as to both actual and constructive possession, and that one may have possession without having it actually on his person.

CRIMINAL LAW (346)—NEW TRIAL—DISQUALIFICATION OF JUROR— WAIVER. Under Rem. Code, § 97, providing that any disqualification of any member of the jury shall not affect the verdict unless the juror was challenged therefor, an accused who did not avail himself of the right to examine the jurors cannot complain of a disqualification.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered June 19, 1919, upon a trial and conviction of violating the prohibition law. Affirmed.

*S. A. Mann* and *Robertson, Miller & Robertson,* for appellant.

*Joseph B. Lindsley* and *T. T. Grant,* for respondent.

BRIDGES, J.—The information in this case charged that the defendant did, in Spokane county, Washington, on or about the first day of March, 1919, "unlawfully and feloniously, carry about with him intoxicating liquor, to wit: whiskey, for the purpose of the unlawful sale of the same." The defendant was found guilty of having intoxicating liquor other than alcohol in his possession. He has appealed from the judgment pronouncing sentence upon him.

It is first contended that the state did not prove the *corpus delicti* by competent testimony. In *State*

*v. Gray,* 98 Wash. 279, 167 Pac. 951, this court laid down the rule that the confession of a defendant, with other circumstances in the case, can be shown to establish the *corpus delicti.* The state's testimony was, in substance, as follows: The appellant, together with one Cheatham and Ludlum, took a Milwaukee train at Butte, Montana, for Spokane. A policeman met Cheatham at the railroad station at Spokane and, disguised as a taxi-driver, invited him into his taxi. Cheatham directed the policeman to drive towards the eastern outskirts of the city. However, before they had gotten to the place Cheatham wanted to go, he recognized the driver of the taxi as a policeman. The result was that Cheatham was then taken by the policeman to the police station. He and another officer then drove to the eastern portion of the city to a point where they had learned that the incoming train had stopped; there they met the appellant and Ludlum, who stated they had left the train at that point for the purpose of looking at some property in that locality. At this time it was far into the night and dark. While one of the policemen detained the two prisoners, the other sought for the whiskey and soon found it near the railroad tracks. The appellant and his associate when arrested were within about half a block of the whiskey and were walking towards it, and were the only persons on the street in that immediate neighborhood. The whiskey and the prisoners were taken to the police station at Spokane. At first the appellant denied any connection with or knowledge of the whiskey. On the way to the station he said to the policeman, "You have the liquor; you don't need us and you might as well turn us loose," and advised the policeman to hide and keep a part of the whiskey and turn the balance into police headquarters. At the station the appellant made a confession, stating that most

of the whiskey belonged to Cheatham, but that one suitcase, containing about twelve quarts, belonged to him, and that he had brought it along from Butte, thinking he might pay his expenses or give it to his friends in Spokane; that the liquor had all been thrown from the train when it had stopped in east Spokane, and that he and Ludlum had left the train for the purpose of guarding the whiskey, while Cheatham went on into the city, got an auto and brought it to where they left the train. Certainly, this testimony is amply sufficient to bring the case within the rule of *State v. Gray, supra.*

It will not be necessary to discuss appellant's next assignment of error, because it is based on a motion to take the case from the jury for the reason that the *corpus delicti* had not been sufficiently proven.

It is further contended that the court's instruction number six was erroneous. That instruction was to the effect that if the jury find beyond a reasonable doubt "that the defendant was in possession of the liquor described in the information, such possession and proof thereof is *prima facie* evidence that said liquor was so held and kept for the purpose of the unlawful sale or disposition thereof . . ." It is contended that this instruction would be proper as applied to a charge of unlawful possession of intoxicating liquor, but was not proper as applied to the charge of having liquor in possession for the purpose of sale, which charge, under the statute, is denominated "bootlegging." In the first place, we do not see how the appellant is in position to raise this question, because the jury did not find him guilty of bootlegging, but found him guilty of having possession of intoxicating liquor. In any event, the instruction was properly given because, under the so-called prohibition act, Laws of 1917, page 61, § 12, it is provided,

"In any prosecution for the violation of this act, it shall be competent to prove that any person, . . . had in his possession any intoxicating liquor other than alcohol, and such possession and proof thereof shall be *prima facie* evidence that said liquor was so held and kept for the purposes of unlawful sale or disposition."

Manifestly, this provision of the statute is applicable not only to one charged with having intoxicating liquor in his possession, but also to one charged with bootlegging. There was, therefore, no error in the court's instruction.

The appellant also complains of instruction number seven, to the effect that there is included in the offense charged in the information, to wit, bootlegging, the lesser offense of having in possession intoxicating liquor other than alcohol, and that the jury might find the appellant guilty of the lesser offense. Section 2168, Rem. Code,' provides that "in all other cases, the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or informamation." The statute defines a bootlegger as ":any person who carries about with him intoxicating liquor for the purpose of the unlawful sale of the same." (Laws 1917, p. 61, § 11). Plainly, the offense of unlawfully carrying around intoxicating liquor without any purpose of unlawful sale, is within the definition of a bootlegger, and the court's instruction was right.

Complaint is also made of the court's instruction number eight, defining what is possession of intoxicating liquor. The court said, "possession may be either actual or constructive. Actual possession exists when the property is in the individual occupancy of a party or his agent, and is frequently expressed as possession in fact. Constructive possession is that pos-

session which the law annexes to the legal title or ownership of property, and where there is a right to the immediate, actual possession of property. Such possession is designated as 'possession in law,' but not actual possession." One may have a thing in his possession without having it actually on his person. As was said in *Brown v. Volkening*, 64 N. Y. 76, "Possession means simply the owning or having a thing in one's power." Or, as was said in *State v. Potter*, 42 Vt. 495, "The meaning cannot be limited to a manual touch or personal custody. One who deposits the prohibited articles in a place of concealment may be deemed to have them in his possession." We do not think there is any merit in appellant's contention.

It appears that one of the jurors in this case was the wife of an alien. This fact was first developed by an affidavit in support of appellant's motion for a new trial. Section 97, Rem. Code, provides:

"Nor shall any disqualification of any member of a grand or petit jury affect the indictment or verdict, unless the juror for that specific cause was challenged or excepted to before the finding of the indictment or rendition of the verdict, and the challenge or exception overruled, and error specifically assigned upon the overruling of such challenge or exception."

The affidavit in support of the motion for new trial further stated that, in Spokane county, where this case was tried, it is the practice of the presiding judge, when a jury panel reports, to examine them as to their qualifications, including citizenship. Manifestly, the appellant had a perfect right to examine each and every prospective juror as to his qualifications, and if he did not do so, as was the case here, he cannot later take advantage of his failure so to do. *Clarke v. Territory*, 1 W. T. 69; *State v. Ellis*, 22 Wash. 129, 60 Pac. 136; *Chase v. People*, 40 Ill. 352; *State v. Lewis*,

31 Wash. 75, 71 Pac. 778; *State v. Pickett*, 103 Iowa 714, 73 N. W. 346.

We do not find any error; the judgment is affirmed.

HOLCOMB, C. J., TOLMAN, FULLERTON, and MOUNT, JJ., concur.