[No. 17303.  Department Two.  December 6, 1922.]

# THE STATE OF WASHINGTON, *Respondent,* v. C. L. NUNN, *Appellant.*[1]

INTOXICATING LIQUORS (42)—INFORMATION — SUFFICIENCY—"SACK OF LIQUOR." An information for transporting with intent to sell five "sacks" of whiskey is not void on its face, the measure or amount being immaterial.

INDICTMENT AND INFORMATION (34, 83)—CERTAINTY—MOTION TO QUASH—TIME FOR MAKING. A claim of indefiniteness in an information comes too late after conviction, in an absence of a showing that accused was actually misled to his prejudice.

SAME (101)—INTOXICATING LIQUORS (42)—CONVICTION OF LESSER OFFENSES. Under an indictment charging unlawfully having in possession and carrying about with intent to sell, the accused may be convicted of unlawful possession of intoxicating liquor.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered October 8, 1921, upon a trial and conviction of unlawful possession of intoxicating liquors.  Affirmed.

*E. C. Dailey* and *A. E. Dailey,* for appellant.
*Loomis Baldrey* and *E. D. Kenyon,* for respondent.

FULLERTON, J.—The defendant, Nunn, was convicted by the verdict of a jury for the offense of unlawful possession of intoxicating liquors, under an information charging him with unlawfully having in possession and carrying about with him with intent to sell "five sacks of whiskey." Nunn appeals from the judgment of conviction, making the single contention that the information does not state facts sufficient to constitute a crime.

The appellant did not move against the information in the court below until after verdict, and he does not

[1]Reported in 210 Pac. 771.

bring into this court the evidence on which the conviction was founded. The objection made, therefore, cannot avail the appellant unless it be the rule that, under no circumstances, can the facts stated in the information constitute a crime; in other words, that the information is void on its face. The appellant argues that it is thus void, the reason given being that there can be no such thing as a "sack of whiskey"; that a sack, without further explanation, "means a gunny sack, a grain sack, or a paper sack, and whiskey cannot be carried in any of these sacks."

But it is our opinion that the information is not void. The term "sack" has a variety of meanings; one of its meanings being a receptacle of some pliable material, as cloth, leather or the like, for holding and carrying goods of any kind. Perhaps its most natural meaning is a receptacle for holding the more coarse and bulky articles, but it is not impossible to carry liquids in some forms of receptacles known as sacks, and had such a receptacle been meant by the framer of the information, it cannot be said that he stated an impossibility.

Another meaning of the term is a measure of quantity, and it is more probable that it was in this sense that the term was used. The statute on which the information is founded is not directed against the receptacle in which the whiskey is carried, but is directed against the liquid itself. It is unlawful to have in possession wrongfully whiskey in any quantity, hence the measure of the quantity is not very material, and it is a sufficient charge to say that the quantity is equal to the measure of a sack.

Doubtless, had the appellant felt that he was liable to be misled by the description, he could, by a proper objection, have had the information made more definite and certain. But he went to trial upon it and suffered

a verdict to be returned against him before making the objection. This is too late, in the absence of a showing that he was actually misled to his prejudice, to make the claim of indefiniteness, and there is here no such showing.

A further objection is that the crime of unlawful possession of intoxicating liquors is not included in the crime charged in the information, but we decided against this contention in the case of *State v. Spillman,* 110 Wash. 662, 188 Pac. 915.

The judgment is affirmed.

PARKER, C. J., MAIN, and TOLMAN, JJ., concur.