[No. 22036. Department One. January 10, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN BESTOLAS *et al.*, *Appellants.*[1]

[1]Reported in 283 Pac. 687.

*John Burton Keener,* for appellants.

*Bertil E. Johnson* and *Byron D. Scott,* for respondent.

BEALS, J.—The defendants in this action were jointly charged with the crime of sodomy. The information contains two counts. In the first count, the defendant Brewer is charged with having carnal knowledge of the defendant Bestolas, and the defendant Bestolas is charged with having voluntarily submitted thereto. By the second count, the defendant Bestolas is charged with having carnal knowledge of the defendant Brewer, and the defendant Brewer is charged with having voluntarily submitted thereto. The defendants having pleaded not guilty, upon their trial, the jury found defendant Brewer guilty as charged in count one, and defendant Bestolas guilty as charged in count two. The defendants' motion for a new trial having been overruled, judgment was entered upon the verdict, and each of the defendants sentenced to a term in the state penitentiary, from which judgment and sentence they appeal.

By the verdicts, the jury acquitted defendant Brewer of the charge of voluntary submission as contained in count two, and acquitted the defendant Bestolas of voluntary submission as charged in count one.

Appellants assign error upon the ruling of the trial court in denying their motion for a new trial, their motion having been based upon the ground that the verdict is contrary to the law and the evidence.

Several watchmen in the employ of the Northern Pacific Railway Company, in the course of their duties on the evening of February 18, 1929, arrested the defendants in the Northern Pacific Railway yards in the city of Tacoma. These witnesses and a police officer of the city of Tacoma testified that, in response to

214

questions propounded separately to the defendants, the defendants, on the night of their arrest, each admitted having committed upon his co-defendant the offense with which he now stands charged. Upon the trial, each of the defendants repudiated these statements or confessions, strenuously denied his guilt and contended that any statements that he had made tending to prove that he had committed the offense for which he was tried were made under coercion in fear of bodily harm, and were, in fact, untrue.

A careful study of the record convinces us that, as to the defendant Bestolas, there is sufficient competent testimony in the record to establish the *corpus delicti,* and to support the verdict of guilty returned against him.

This court has several times held that a confession of the defendant, or admissions made by him, when coupled with other evidence, either direct or circumstantial, constitute competent testimony to be considered by the jury in determining his guilt or innocence. *State v. Scott,* 86 Wash. 296, 150 Pac. 423, L. R. A. 1916B 844; *State v. Gray,* 98 Wash. 279, 167 Pac. 951; *State v. Spillman,* 110 Wash. 662, 188 Pac. 915; *State v. Wynn,* 125 Wash. 398, 216 Pac. 872.

A more difficult question is presented by the appeal of the defendant Brewer. While the record contains sufficient competent testimony to support the verdict of guilty as to defendant Brewer under count two, it must be remembered that the jury failed to find defendant Brewer guilty as charged in this count. We are satisfied that there is no competent, direct or circumstantial evidence in the record which establishes, as against defendant Brewer, the *corpus delicti* of the offense with which he is charged in count one of the information. This being true, the statements, admissions or confessions of the defendant Brewer, made

prior to the trial and repudiated by him upon the witness stand, which were testified to by witnesses for the prosecution, are insufficient of themselves, unsupported or uncorroborated by any direct or circumstantial evidence, to support the verdict of guilty as returned by the jury against this defendant.

In the case of *State v. Marselle,* 43 Wash. 273, 86 Pac. 586, this court said:

"A confession not corroborated by independent evidence of the *corpus delicti* is not sufficient to support a conviction of crime."

The supreme court of Louisiana, in the case of *State v. Morgan,* 157 La. 962, 103 South. 278, 40 A. L. R. 458, a prosecution for rape, says, after discussing the question of whether or not, in a prosecution for crime, the *corpus delicti* can be proven by a repudiated confession:

"We prefer, however, to follow the rule as definitely established—as we take it—by a great majority of the states, to the effect that an accused party cannot be legally convicted on his own uncorroborated confession without proof that a crime has been committed; in other words, without proof of the *corpus delicti.*"

In the case last cited, the court discusses the authorities at length, and many more are referred to in the A. L. R. note following the case as reported in that series.

This question is also discussed in Nichols, Applied Evidence, vol. 2, p. 1172 *et seq.*

From an examination of the authorities, we are satisfied that it is the better rule that extrajudicial confessions or admissions, repudiated by the accused upon the witness stand, are, in the absence of corroborating testimony, either direct or circumstantial, insufficient to prove the *corpus delicti.* No further examination of

the question of the weight to be given confessions or admissions of an accused is necessary to a determination of the case at bar.

The state relies upon certain evidence, introduced as part of its case against the defendants, as constituting circumstantial evidence that appellant Brewer was guilty of the charge upon which the verdict was returned against him by the jury. We are, however, convinced that none of the evidence so relied upon by the state, whether direct or circumstantial, is sufficient to establish the *corpus delicti* as against the defendant Brewer under count one of the information, and that, in finding him guilty under this count, the jury must have relied solely upon testimony given by witnesses for the state as to admissions or confessions made by appellant Brewer.

We are accordingly of the opinion that the record is insufficient to support the verdict of guilty as returned against him under count one, and the jury having failed to convict appellant Brewer under count two of the information, he must be discharged.

Appellant Bestolas contends that, as both defendants are jointly charged by each count of the information, and as the jury convicted only one of the defendants under each count, the convictions must be set aside, for the reason that the offense charged is a joint offense, and that the failure to convict one defendant under each count necessarily operates as an acquittal of the other.

This rule has been applied in cases where the defendants were jointly charged with the crime of conspiracy, an offense in its essence requiring the active cooperation of two or more persons. We do not think that the instant case falls within the rule relied upon

by appellant Bestolas. We are satisfied that, as to him, the verdict of the jury was amply warranted by the evidence.

As to appellant Brewer, the judgment appealed from is reversed; as to the appellant Bestolas, the judgment is affirmed.

MITCHELL, C. J., TOLMAN, MILLARD, and PARKER, JJ., concur.

