## J. S. ATKINS v. THE STATE.

### No. 2656.    Decided November 26, 1902.

**1.—Continuance—Diligence.**

An application for continuance for an absent witness whose whereabouts is stated to be unknown, must show that defendant had used diligence to discover where she had gone, the witness being defendant's sister.

**2.—Same—On Motion for New Trial.**

Where defendant complains, in his motion for new trial, that the continuance for his sister should have been granted, which said application for continuance did not state what he expected to prove by her, but he refers to his own testimony in the statement of facts to show her materiality, this is not a sufficient presentation of the matter to require consideration.

**3.—Same.**

An application for continuance for a sick witness will not be granted where the materiality of the witness is not shown.

**4.—Theft of Money—Proof of Want of Consent.**

On a trial for theft of money, where the owner of the stolen property was not a witness, his nonconsent to the taking was sufficiently proved by circumstances as to what occurred between the owner and defendant with regard to the recovery and surrender of the money to him by defendant after the theft. And where defendant had testified, that the owner's whereabouts was not known, the court properly refused, under the testimony above stated, to instruct an acquittal for failure to prove the owner's want of consent.

**5.—Corpus Delicti—Confession—Charge.**

On a trial for theft, it was not error to refuse to charge that defendant's confession alone was not sufficient to establish the corpus delicti when there was other testimony abundantly establishing the theft.

**6.—Theft—Proof of Name of Alleged Owner.**

On a trial for theft of money, the alleged property of T. F. Thassler, proof that it was stolen from Thassler was not sufficient to prove that he was T. F. Thassler. The initials, as alleged, should have been proved.

Appeal from the District Court of Clay. Tried below before Hon. A. M. Carrigan.

Appeal from a conviction of theft of money over the value of $50; penalty, two years imprisonment in the penitentiary.

No statement necessary.

*L. C. Barrett,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of money over the value of $50, and his punishment assesed at confinement in the penitentiary for a term of two years.

Appellant filed an application for continuance, based on the absense of Mollie Thassler, sister of appellant. It is alleged that she was at the date of the commission of the offense a resident of Clay County, and since said time she had removed, and appellant had not been able to discover her whereabouts. The alleged offense was committed about the 1st of July, 1902, and the trial was had in October following. Appellant claims that he had been confined in jail a good portion of the time, and was unable to exercise diligence to ascertain the whereabouts of said witness. No effort is made on his part, as disclosed in the application, to discover where she had gone. We do not think that any diligence was shown to have procured this testimony. Appellant does not state in said application what he expects to prove by said witness, but refers to his own testimony in the statement of facts. We do not think this is sufficient presentation of the matter. However, concede that it is, it does not occur to us that the absent witness would likely swear to the facts testified to by appellant himself; or, if she did, that the jury would probably regard it as true. Appellant also desired the testimony of Laura Atkins, his wife, alleged to reside in Milam County, some 300 miles distant, whom he alleges had been summoned, and did not appear, because she was sick with typhoid fever, and not able to travel. The materiality of said witness is not shown. We see no reason to revise the action of the court in regard to the application for continuance. We do not deem it necessary to discuss the matter of appellant's illness at the trial. The physicians testified that he was able to go to trial, and it does not appear that anything occurred during the trial to indicate that he was not in a condition to be tried.

Appellant asked the court to instruct the jury to acquit him on the ground that the want of consent of the alleged owner had not been proven. It is true that this want of consent was not proven by direct evidence; that is, the witness T. F. Thassler was not introduced on the stand, and his want of consent directly proven. However, this want of consent was abundantly proven by the circumstances as to what occurred between Thassler and appellant in regard to the recovery and surrender of said money by appellant to him after the theft. If it be conceded that the State did not prove that the alleged owner, T. F. Thassler, was not accessible, then this testimony was supplied by appellant himself. He testified that the alleged owner lived up about

Charley, in Clay County, with his wife, Mollie Thassler, sister of appellant. They lived there in the fore part of July. They had gone off from there about the last of August, and that he had never been able to find where they went, and does not know where they are now. So that this testimony relieves the State from the burden of showing that the alleged owner was not amenable to process.

Appellant also asked the court to instruct the jury that the naked confession alone of appellant, uncorroborated by other testimony, is not sufficient to establish the body of the offense, nor will it support the conviction. This charge, abstractly speaking, is the law; but it was not applicable to this case, inasmuch as there was other testimony establishing the corpus delicti aside from the confession. Swend and Pickett, deputy sheriffs, and Stearns, city marshal, testified for the State. Their testimony shows that appellant was arrested for this offense, and brought into the presence of Thassler, the alleged owner, who was his brother-in-law. Defendant was properly warned, and denied having the money. Thassler told him it was money he had worked for on the railroad, and he intended to buy seed wheat with it, and, if he would surrender it, he would not prosecute him; and appellant then pulled it out of his pocket, and gave it to Thassler, the money consisting of three $20 bills. Thassler asked him where he got it, and defendant said he got it from Thassler's wife's slipper. Howell, another witness, testified that he asked appellant about the particulars, and he told him that Thassler was gone from home over in the Indian Territory, and that some one had come there in the night while they were asleep, and stole $60 from his brother-in-law; and the thief had taken some $6 or $7 from him at the same time, and took his pants and left them out in the garden, where appellant found them the next morning. He told another witness the reason he put his pants in the yard the morning of the robbery was because he wanted to make the Thasslers believe he had lost some money also, to keep them from suspecting him. These conversations, and what was done and said between defendant and Thassler, it occurs to us, sufficiently establishes the corpus delicti, and the requested charge was not called for.

We think the character and value of the money was sufficiently alleged and sufficiently established, and the charges requested on that subject were not called for. The court gave the requested charge predicated on appellant's testimony to the effect that said money was given to him by his sister, and instructed the jury to acquit him if they found such to be true. This was his defense, and this charge adequately presented it.

In the amended motion for new trial appellant set up that there was no proof that the money was taken from the possession of T. F. Thassler, and he insists that the record nowhere shows this fact. We have examined the same, and none of the witnesses testified as to the initials of Thassler. They merely call him Thassler. While there is no variance here, inasmuch as the indictment charged the theft to be from T. F.

Thassler, and the proof showed that it was stolen from Thassler, yet there is evidently a failure of proof. The initials are nowhere proven. We can not assume in the absence of evidence that it is the same Thassler. Nor can we look to other portions of the record, outside of the statement of facts, in order to supplement the proof which should have been in the statement of facts. Because this allegation in the indictment is not shown by the statement of facts to have been proven, the judgment is reversed and the cause remanded.

*Reversed and remanded.*