[No. 12825.  Department One.  July 20, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. WALTER SCOTT, *Appellant*.[1]

LARCENY—CORPUS DELICTI—EVIDENCE—SUFFICIENCY.  In a prosecution for the theft of money belonging to C., the *corpus delicti* is sufficiently shown by proof that the money was in the trunk where C. had placed it that morning, that it was not there at noon and had been removed by some person other than C.

SAME—EVIDENCE—SUFFICIENCY.  Where the theft of money belonging to C., who had left the state, is established by the testimony of other witnesses that C. and detectives had opened and searched the trunk in which the money had been placed, and failed to find it, proof that C. had made "complaint" or accused any particular person is not essential.

SAME—EVIDENCE—SUFFICIENCY — CONFESSIONS — CORPUS DELICTI. Upon a prosecution for the theft of $480 that was kept in a trunk, the fact that, when the defendant was arrested on the same day in another city, he had $67.50 and some articles that had been in the trunk that morning, and that defendant told the officer that he took only $50, but did not get it from the trunk, but from a dresser, is admissible and sufficient to make a case for the jury; a defendant's confession, along with other evidence, being admissible to establish the *corpus delicti*.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 24, 1914, upon a trial and conviction of grand larceny.  Affirmed.

*John F. Dore* and *Robert Welch*, for appellant.

*Alfred H. Lundin*, *E. J. Wright*, and *Joseph A. Barto*, for respondent.

HOLCOMB, J.—Appellant was tried and convicted of the crime of grand larceny, upon an information charging him as follows:

"He, the said Walter Scott, in the county of King, state of Washington, on the 30th day of May, 1914, $480 in money, of the value of $480 lawful money of the United States, the

[1]Reported in 150 Pac. 423.

property of one Effie Carter, did then and there wilfully, unlawfully, and feloniously, take, steal and carry away, with intent to deprive and defraud said Effie Carter thereof."

There are five assignments of error:

I. The first claim of error goes to the sufficiency of the evidence of the prosecution to make a *prima facie* case to be submitted to the jury. This includes a claim of fatal variance, amounting to total failure of proof, between the allegations of the information and the state's proofs.

The state showed that Effie Carter and one Edna Penn lived together at the time of the alleged larceny; that Effie Carter was a dressmaker, and on the date alleged had the sum of over $400 in paper money, gold and silver of the United States in a money case; that Edna Penn had $120 in a pocket book; that they kept the money in Effie Carter's trunk, of which Effie Carter kept the key; that they saw their money in the trunk about eight-thirty or nine o'clock in the forenoon; that Edna Penn left the place shortly thereafter; that appellant was there that morning when she left, and had been every morning for about a week for the purpose of making the fire, cleaning the place, and going errands; that Edna Penn returned about noon and there were Miss Carter, two detectives and a Japanese, who had just pried the lock off the trunk and opened it; that the money was gone, and also the Carter woman's money case, and a knife that had been in the trunk; that later, in the evening of the same day, the trunk key was found on the top of a shelf where it had not been the Carter woman's habit to keep it. It was shown that the appellant left Seattle, where the alleged larceny occurred, on that day, and was arrested in Everett between four and five o'clock in the afternoon that day; that at the time of his capture he had in his possession the sum of $67.50 in money, the purse of Effie Carter, which had contained her money in the morning, and the knife, which was the property of Edna Penn.

Appellant contends that this showing did not prove *prima facie* that any money of Effie Carter's had been taken by him, any more than it proved the taking of the money belonging to Edna Penn, with which he was not charged, and that mere proof of his possession of $67.50 in money proved no fact constituting the larceny. Ancillary to this claim, appellant also claims that the *corpus delicti* was not shown. As to the *corpus delicti*, it was manifestly shown that the property of Effie Carter was where she had placed it in the morning; that it was not there at noon; that some one other than herself had removed it from the place where it was kept. Thus, the asportation, or fact which formed the basis of the criminal act, was shown; next, that some person wrongfully brought about that fact. These are the only things essential to constitute the *corpus delicti* of a theft.

Effie Carter left the county and state before the trial and was not present to testify. These principal facts were testified to only by Edna Penn. From this circumstance, appellant argues that "there is no evidence whatsoever as to what disposition Effie Carter, the owner of part of the property enumerated and bailee of the property of Edna Penn, found in the possession of appellant, made of it or any part of it, or that Effie Carter ever complained of any theft of her money or property." This was not necessary. Edna Penn testified to the material facts, so far as missing the property was concerned, so far as any one who was not an eyewitness to the taking could. It was not necessary for any one to "complain" or accuse any particular person. When Edna Penn returned to the room at noon, she found Effie Carter there with detectives and the Japanese who had just forced open the trunk, and making search for the property. She saw Miss Carter search the trunk for the money and fail to find it. The facts were partly circumstantial and were for the jury. *State v. Wong Quong*, 27 Wash. 93, 67 Pac. 355.

II.   When arrested, as heretofore stated, appellant had in his possession $67.50 and some articles which had been in the trunk in the morning.   The same day an officer had a conversation with appellant, who said that he only took $50, and that he did not get that out of the trunk, but out of a box on a dresser.   No explanation was made to the officer, nor to the court and jury by appellant of his possession of the purse and knife.   Appellant contends that the admission contained in this conversation with the officer was erroneously admitted, inasmuch, according to appellant, as the *corpus delicti* had not been shown.

It is well settled that the confession of a defendant, along with other circumstances in the case, can be shown to establish the *corpus delicti*.   *Nicks v. State*, 40 Tex. Cr. 1, 48 S. W. 186; *Atkins v. State*, 44 Tex. Cr. 291, 70 S. W. 744; *People v. Davis*, 19 N. Y. Supp. 781; 1 Wharton, Criminal Law (11th ed.), pp. 458, 459.   The facts and circumstances shown at the trial pointed unerringly to the guilt of the defendant, and most certainly made a case for the jury.

III.   Some other claims of error are made as to the admission of certain articles in evidence that were taken from the trunk and found in the possession of appellant, but we find no merit in them.   Our observations, in effect, cover all the contentions of appellant.   We find no error.

Judgment affirmed.

MORRIS, C. J., CHADWICK, MOUNT, and PARKER, JJ., concur.