[No. 30236. *En Banc.* February 4, 1948.]

THE STATE OF WASHINGTON, *Respondent,* v. RAYMOND O. GRENIER, *Appellant.*[1]

[1]Reported in 189 P. (2d) 477.

*E. W. King,* for appellant.

*Albert N. Bradford* and *Paul R. Roesch,* for respondent.

MILLARD, J.—Defendant was found guilty by a jury of the crime of grand larceny. From the judgment and sentence pronounced against him upon the verdict, defendant appealed.

Appellant challenges the sufficiency of proof of the *corpus delicti.* It is argued that appellant's confession was made under inducement, and that there was no corroborating testimony, as required by the statute, which would sustain the conviction.

"The confession of a defendant made under inducement, with all the circumstances, may be given as evidence against· him, except when made under the influence of fear produced by threats; but a confession made under inducement is not sufficient to warrant a conviction without corroborating testimony." Rem. Rev. Stat., § 2151 [P.P.C. § 127-5].

Although the *corpus delicti* cannot be established by confessions and admissions of a defendant, standing alone, the confessions and admissions of defendant may be considered for that purpose together with other facts and circumstances tending to prove the *corpus delicti.* *State v. Anderson,* 10 Wn. (2d) 167, 116 P. (2d) 346.

The *corpus delicti* was sufficiently established by evidence other than appellant's confessions. The evidence, which the verdict reflects was accepted by the jury as true, is summarized as follows:

On the night of November 25, 1946, and the early morning of November 26, 1946, the Marcus Whitman garage in Walla Walla was operated by a night shift of three employees. About eleven p. m., November 25, 1946, appellant

visited that garage, where he had formerly been employed, and borrowed fifty cents from one of the employees for the purpose of purchasing food. About two a. m., November 26, 1946, appellant was again in the garage and conversed with one or two of the employees. Between that time and four a. m., appellant repaid the loan of fifty cents. Between the hours of midnight and four a. m., appellant was in the automobile washroom of the garage, where he paid to a bootlegger the purchase price of a bottle of intoxicating liquor.

Between three a. m. and four a. m., November 26, 1946, while registering a cash sale, one of the employees discovered a shortage in the special night drawer or till of the cash register, which fact he called to the attention of one of the other men on duty. The two men, in their investigation at that time, discovered a shortage in excess of sixty dollars. Certain compartments in the night drawer of the cash register had been emptied. While the matter of the shortage was under discussion by two of the night employees, appellant inquired whether they blamed him for the loss. Their answer was that the till was short and that they were endeavoring to ascertain the amount of the loss. About six a. m., the loss was reported to Fred Kamm, owner and operator of the garage. The bookkeeper, who daily made up a special cash drawer in the amount of sixty dollars for the night shift, checked the receipts and charges during the night business when she reported for duty the morning of November 26, 1946. She ascertained the shortage was in the amount of $66.17.

Appellant, who was a former employee of the garage and familiar with the operation of the cash register and the routine of the night shift, was in the garage during the hours mentioned above. During the course of the night, he made several telephone calls from the office of the garage and was present in the office when no one else was present. When arrested, he denied any knowledge of the loss of the money, but after a short discussion of the matter with the chief of police of the city of Walla Walla, he admitted to the latter that he took the money, whereupon Fred Kamm,

owner of the garage, was called to the office of the chief of police. The chief then, in the presence of Mr. Kamm, requested appellant to tell Mr. Kamm what he had just told the chief. In response to that request, appellant informed Mr. Kamm that he took the money and regretted commission of the offense. No promises, threats, or inducements of any kind were made to appellant by Mr. Kamm. The chief of police testified that he did not make any promises, threats, or inducements to appellant for either confession made by appellant, and that each of the two confessions was voluntary.

The shortage of $66.17 for the night in question was clearly shown, and could only be explained by the fact that that amount of money had been extracted from the night drawer of the cash register.

"Thus, the asportation, or fact which formed the basis of the criminal act, was shown; next, that some person wrongfully brought about that fact. These are the only things essential to constitute the *corpus delicti* of a theft." *State v. Scott*, 86 Wash. 296, 298, 150 Pac. 423, L. R. A. 1916B, 844.

Appellant complains of instruction No. 7 upon the ground that it failed to charge the jury that a confession or admission by a defendant should be received with great caution. Another ground of complaint is that the instruction failed to charge the jury, as provided by the statute (Rem. Rev. Stat., § 2151), that confession of a defendant made under inducement is not sufficient to warrant a conviction without corroborating evidence.

The challenged instruction reads as follows:

"Confessions made by a defendant charged with crime, when such confessions are not caused by duress or fear produced by threats, are to be considered by the jury in connection with all the other evidence in the case in determining the guilt or innocence of the accused, and their weight as evidence, like that of any other fact, is to be determined by you alone. If you find that any such confessions have been made in this case, you have a right, in weighing such testimony, to consider all the facts and circumstances connected therewith, together with the defend-

ant's interest, if any, in the transaction, and his knowledge, if any he had, of the circumstances surrounding the same, and all other circumstances which may throw any light upon, or aid you in weighing, such testimony."

Refusal of the trial court to give appellant's requested instruction, reading as follows, is also assigned as error:

"By the law of this state the confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him. However, such a confession or admission is to be received with great caution. You shall consider all of the attending circumstances surrounding such a confession or admission, together with the inducements, if any. If, upon the whole testimony, you are satisfied that a confession or admission was made by the defendant, and are also satisfied that the same was voluntary upon the part of such defendant, then the same shall be considered by you as evidence in this case. However, a confession made under inducement is not sufficient to warrant a conviction without corroborating testimony. Such corroboration may be either by direct testimony or by circumstantial evidence, but the whole of such evidence must convince you beyond a reasonable doubt that the crime charged was committed and that it was committed by the defendant."

The requested instruction charged the jury that, by the law of this state, the confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, but that "such a confession or admission is to be received with great caution," and that a confession made under inducement is not sufficient to warrant a conviction without corroborating testimony.

Appellant testified that he never stole any money from the cash register of the garage, but that he admitted to the chief of police and to the owner of the garage that he stole the money. He gave as his reason for making such confessions that the chief of police had appellant's past criminal record in front of him and promised appellant that if he would admit his guilt and would repay to Mr. Kamm the amount of money stolen, he would give to appellant his freedom. That is, appellant was threatened by the chief of police that if he did not confess his guilt and

repay the amount of the theft, he would be prosecuted; but was promised that if he would confess and make good the loss to the victim of the theft, there would be no prosecution.

▮▮▮ The objection of appellant to the instruction given by the court on the ground that it made no reference to confessions secured by promises or by inducements and restricted the consideration of the jury as to whether the confessions were solely "caused by duress or fear produced by threats" is well taken.

While the instruction given should have charged the jury that a confession, if made under inducement, is not sufficient to warrant a conviction without corroborating testimony, that constituted partial nondirection; hence, error may not be predicated thereon unless specific instructions, which the court might give to the jury without substantial modification, are requested and refused. In view of his testimony, appellant was entitled to an instruction covering the subject of confessions made under inducement, as required by the statute. Rem. Rev. Stat., § 2151.

A confession is not to be considered by the jury as evidence until the jury first determines whether the confession was freely and voluntarily made. It is admitted that appellant confessed. There is evidence of inducement by way of promise of benefit—freedom from prosecution—to appellant if he confessed; hence, he was entitled to an instruction covering the subject of confessions made under inducement, as required by the statute. Rem. Rev. Stat., § 2151. His counsel made a proper request, which the court should either have submitted to the jury, or embraced within the instruction given.

▮▮▮ Whether the jury shall be charged that a confession or admission made under inducement "is to be received with great caution," is discretionary with the trial court. The inclusion, in the instruction, of the phrase, "is to be received with great caution," does not constitute error.

The judgment is reversed and the cause remanded, with direction to the trial court to grant a new trial.

HILL, J., concurs.

SCHWELLENBACH, J. (concurring in the result)—The testimony was in conflict as to whether or not the confession was obtained by inducement. Appellant's proposed instruction assumed that the confession was obtained by inducement, and, if given, the jury would have been foreclosed from exercising their prerogative of determining this question of fact. They should have been advised as to the law as set out in Rem. Rev. Stat., § 2151, then told that it was their duty to determine, from the evidence, whether or not the confession was obtained by inducement, and, if they found that it was so obtained, then, that they could not convict without corroborating testimony. The requested instruction did not correctly state the law. Being faulty in part, it was not error to refuse to give it.

In *Nollmeyer v. Tacoma R. & Power Co.*, 95 Wash. 595, 164 Pac. 229, we said:

"It is also well settled that, in order to entitle a party to predicate error upon the refusal of the court to give a requested instruction, such instruction must be substantially correct and such as the court might give to the jury without modification or omission. A party cannot complain that the court did not pause in the midst of a trial and, of its own motion, modify and correct a requested instruction and then give it as corrected. No such duty rests upon the court. An instruction which is in part correct and in other particulars incorrect may be refused as a whole. *Duggan v. Pacific Boom Co.*, 6 Wash. 593, 34 Pac. 157, 36 Am. St. 182; *Howe v. West Seattle Land & Imp. Co.*, 21 Wash. 594, 59 Pac. 495; *State v. Johnson*, 47 Wash. 227, 91 Pac. 949; *Ramm v. Hewitt-Lea Lumber Co.*, 49 Wash. 263, 94 Pac. 1081; *Smith v. Seattle*, 33 Wash. 481, 74 Pac. 674."

See, also, *Fehler v. Montesano*, 110 Wash. 143, 188 Pac. 5; and *State v. Refsnes*, 14 Wn. (2d) 569, 128 P. (2d) 773.

However, having instructed the jury as to the law concerning confessions (there being a conflict in the testimony as to whether or not the confession was obtained by induce-

ment), it then became the duty of the trial court to instruct particularly as to the law concerning confessions obtained by inducement. Failure to do so constituted reversible error.

STEINERT, JEFFERS, and BEALS, JJ., concur with SCHWEL-LENBACH, J.

MALLERY, C. J., and SIMPSON, J., dissent.