[Nos. 35122-2-I; 34100-6-I. Division One. October 30, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. CHRISTOPHER DuBOIS, ET AL., *Appellants*.

*Kitteridge Oldham* of *Washington Appellate Defender Association*; and *Nielsen & Acosta,* for appellant Bustamante.

*Richard R. Tassano* and *Kathryn A. Russell,* for appellant DuBois.

*David S. McEachran, Prosecuting Attorney for Whatcom County*; *Greg R. Hubbard, Deputy Prosecuting Attorney for Kitsap County*; *Norm Maleng, Prosecuting Attorney for King County*; and *Janet L. Capps, Deputy Prosecuting Attorney for King County,* for respondent.

KENNEDY, A.C.J. — Nicole Bustamante and Chris DuBois filed separate appeals from their juvenile court convictions. A commissioner referred both appeals to a panel of judges for accelerated review pursuant to RAP 18.12. In each case, the State failed to present sufficient independent evidence to make a prima facie showing of the corpus delicti. The juvenile court therefore erred by admitting the appellants' admissions and confessions. We consolidate the appeals, reverse both convictions, and remand for further proceedings.

FACTS

Bustamante

Nicole Bustamante was charged by information filed October 29, 1993, with one count of third degree theft. RCW 9A.56.050. At the fact-finding hearing, Joseph Melvin, a cashier at the Burien Thriftway, testified that Bustamante and several friends came through his check-stand on March 6, 1993. Someone in the group purchased pop or candy. Melvin could not recall whether Bustamante purchased anything, but he was certain she did not purchase cigarettes. Bustamante's group then left the store.

The next customer in line told Melvin that she had seen Bustamante put something into her pocket. Defense counsel objected to the customer's statement as hearsay, and the trial court sustained the objection. The customer did not testify. Melvin was unable to see the cigarette rack from his checkstand.

After talking to the customer, Melvin went outside the store and asked Bustamante what she had put in her pocket. Bustamante removed a pack of cigarettes from her pocket and said, "I'm sorry; I'll pay double." A King County police officer subsequently advised Bustamante of her *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A.L.R.3d 974 (1966). After waiving her rights, Bustamante explained that she took the cigarettes from the store because she was having "a nicotine fit."

Defense counsel argued that absent Bustamante's admissions, the State had failed to submit sufficient evidence to establish the corpus delicti. The juvenile court disagreed and found Bustamante guilty as charged.

DuBois

Chris DuBois was charged by information filed April 28, 1994, with one count of second degree burglary. At the fact-finding hearing, Whatcom County Deputy Sheriff James Peterson testified that at about 4:30 A.M. on April 9, 1994, he was dispatched to DuBois's residence to investigate a possible burglary. After talking to DuBois's mother, Officer Peterson questioned DuBois, who made a statement admitting that he and a friend had entered Meridian High School through an open window and taken welding rods and other items.

After receiving DuBois's statement, Officer Peterson drove to Meridian High School in Bellingham, where he observed an open window on the west side of the agricultural/mechanical shop. Accompanied by the school principal, Officer Peterson entered the shop area and observed "welding type materials" that were similar to "welding rods" that he had seen in the living room of DuBois's residence. Officer Peterson acknowledged that the welding rods were of a type that possibly could be purchased from a hardware store. DuBois's mother testified that she had observed welding "sparklers" in her garage in mid-April; she did not recognize them as belonging in her house.

Defense counsel objected to the admission of DuBois's statement, arguing that the State had failed to establish the corpus delicti of burglary. The juvenile court concluded that the evidence of the open window at the school and of the welding rods in DuBois's living room established the corpus delicti. The court then found DuBois guilty as charged.

## DISCUSSION

■■■ Extrajudicial admissions and confessions are inadmissible unless the State submits independent proof of the corpus delicti. *State v. Solomon*, 73 Wn. App. 724, 727, 870 P.2d 1019, *review denied*, 124 Wn.2d 1028 (1994). Proof of the corpus delicti generally requires two elements: (1) a specific injury or loss and (2) someone's criminal act as the cause of the injury or loss. *State v. Mason*, 31 Wn. App. 41, 48, 639 P.2d 800, *review denied*, 97 Wn.2d 1010 (1982). The independent evidence need not establish the corpus delicti beyond a reasonable doubt or even by a preponderance; rather, the evidence is sufficient if it prima facie establishes the corpus delicti. *Solomon*, 73 Wn. App. at 727. "Prima facie" in this context means "evidence of sufficient circumstances which would support a logical and reasonable inference" of the facts sought to be proved. *Bremerton v. Corbett*, 106 Wn.2d 569, 578-79, 723 P.2d 1135 (1986). In assessing the sufficiency of the proof of corpus delicti, the reviewing court views the evidence and all reasonable inferences therefrom in the light most favorable to the State. *State v. Smith*, 115 Wn.2d 775, 782 n.1, 801 P.2d 975 (1990).[1]

### Bustamante

The evidence independent of Bustamante's admission and confession tended to show only that she did not

---

[1]Our supreme court has declined to abandon the corpus delicti rule in favor of the federal corroboration rule, which requires only that the evidence tend to establish the trustworthiness of the confession. *State v. Smith*, 115 Wn.2d at 784 n.2.

purchase any cigarettes at the Burien Thriftway and that Melvin recovered a pack of cigarettes from her shortly after she left the store. Melvin was unable to see the cigarette rack from his checkstand, and he did not observe any suspicious activity. The State did not present any evidence of distinctive packaging or a price tag that could have tied the cigarette pack to the store; nor was there any indication whether the cigarette pack was opened or unopened. *See State v. DePriest*, 16 Wn. App. 824, 827, 560 P.2d 1152 (1977).

The only independent evidence suggesting a criminal act was the customer's statement to Melvin that she saw Bustamante put something in her pocket. The juvenile court sustained Bustamante's objection to this evidence as hearsay, and ordered that it be stricken. Although Melvin subsequently testified, without objection, that he approached Bustamante because of "evidence of a shoplift that had taken place, from a citizen that comes into our store all the time," the record establishes that this testimony was admitted solely for the purpose of establishing why Melvin followed Bustamante out of the store. Consequently, contrary to the State's suggestion, defense counsel's failure to object does not constitute a waiver that would permit consideration of this testimony for purposes of establishing the corpus delicti of theft.[2]

■ Even when the foregoing circumstances are viewed in the light most favorable to the State, Bustamante's possession of cigarettes shortly after exiting a grocery store, without more, is insufficient to support a reasonable inference that the store suffered a loss or that some criminal agency caused the loss. *Cf. State v. Scott*, 86 Wash. 296, 150 P. 423 (1915) (corpus delicti of theft established by evidence that property was in specific location in morning,

---

[2]The State also asserts that the customer's statement was either a present sense impression or an excited utterance and was therefore admissible for the truth of the matter asserted. The State cites no authority and presents no argument in support of this conclusory assertion. Consequently, we decline to consider it. *McKee v. American Home Prods. Corp.*, 113 Wn.2d 701, 705, 782 P.2d 1045 (1989).

was missing at noon, and that someone other than owner had removed it); *State v. Grenier*, 29 Wn.2d 772, 775, 189 P.2d 477 (1948).

Bustamante's confession and admission were improperly admitted. Without her admission and confession, the evidence was insufficient to support Bustamante's conviction. Accordingly, we reverse.

DuBois

The independent evidence established the existence of an open window during the early morning hours at the school shop and the presence of welding rods in DuBois's living room that were similar to welding materials in the school shop. In addition, DuBois's mother observed welding materials in the house that she did not recognize.

█ The presence of welding rods in DuBois's living room and garage arguably could raise reasonable suspicions about the origin of the materials. But Officer Peterson did not identify anything distinctive about the welding rods tending to connect them to the welding materials in the shop. *Cf. Commonwealth v. Tessel*, 347 Pa. Super. 37, 500 A.2d 144 (1985) (defendant's possession of motel's television set and presence near scene of crime sufficient to establish corpus delicti of theft, but insufficient to establish corpus delicti of burglary). The mere possession of recently stolen goods does not constitute prima facie evidence of an unlawful entry. *See State v. Trombley*, 132 Wash. 514, 519, 232 P. 326 (1925).

Moreover, although the school's window was open, there was no evidence of when, or under what circumstances, it previously had been closed. *See R.C.S. v. State*, 546 S.W.2d 939, 945 (Texas Civ. App. 1977) (corpus delicti of burglary not established where there was no evidence that school doors had been closed and found open after burglary or that windows that had been closed were raised or broken). Neither was there any evidence indicating a forced entry, or that the welding materials in the shop were scattered about or out of place. Indeed, there was no testimony that anything was missing from the school.

The State contends, without citation to authority, that the fact Officer Peterson was dispatched to investigate a possible burglary and subsequently found an open window at the school supports an inference that a crime was committed. This contention is meritless because the record contains no information about the basis for the reported burglary.

In summary, the independent evidence was insufficient to make a prima facie showing that *any* crime was committed, much less a burglary. *Cf. State v. Allen*, 67 Wn.2d 238, 244, 406 P.2d 950 (1965) (corpus delicti of burglary established by building manager who described how entry had been made, damage done, and amount of loss). Because the evidence was insufficient to establish the corpus delicti, the juvenile court erred in considering DuBois's confession.

Without DuBois's confession, the evidence was insufficient to support his conviction for burglary. Accordingly, we reverse.

Bustamante's and DuBois's convictions are reversed, and the cases remanded for such further proceedings as may be consistent with this opinion; DuBois's motion to reverse on grounds of prosecutorial misconduct is denied as moot.

WEBSTER and BECKER, JJ., concur.